UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA E. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00707 AGF |
| | ) | |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Donna White, a Missouri resident, filed this employment discrimination

action in the Circuit Court of Saint Louis County, Missouri, alleging that Defendant

United Parcel Service, an entity incorporated in Ohio, discriminated against her due to

her alleged disability and retaliated against her for filing a notice of discrimination with

the Missouri Human Rights Commission (MHRC).  Defendant filed a timely notice of

removal pursuant to 28 U.S.C. §§1441(a) and (b) §§ 1331, 1332 (a)(1) and the case was

removed to this Court.  Now before the Court is Plaintiff's pro se[1] "motion to stay[2]"

---

[1]    Plaintiff had representation at the time she filed her suit and for several months
after it was removed to this Court.  Her attorneys were granted leave to withdraw from
the representation after a hearing before this Court at which Plaintiff failed to appear.
(Doc. No. 22.)  Plaintiff was given time to obtain new counsel, but did not do so, and
elected to proceed pro se.  She filed the instant motion pro se.

[2]    It appears from Plaintiff's motion that she is uncertain whether her case was
originally filed in state court, and she appears confused by the fact that the case she
originally filed in the "Circuit Courts in St. Louis, Missouri" is now in federal court.
Though Plaintiff's complaint was, in fact, originally filed in state court, a federal statute
permits defendants to "remove" a case from state court to federal court where they meet
the requirements of the law.  In this ruling, the Court will decide if Defendants meet those

(Doc. No. 17), requesting that the case "be heard in the Circuit Courts in St. Louis, Missouri."  Because Plaintiff is proceeding pro se, the Court shall construe Plaintiff's motion as a motion to remand[3] the case to the Saint Louis County Circuit Court.  For the reasons set forth below, however, the motion shall be denied.

## Background

Plaintiff, a package car driver and sorter, is currently employed by Defendant and is a member of Teamsters Local 688.  In her complaint and in the charge of discrimination attached to her complaint, she alleges that she suffers from a degenerative eye disease which has caused her to become blind in one eye, and that as a result, she is unable to perform the duties of a package car driver.  She further alleges that in 2008, shortly after she was diagnosed with the eye disease, Defendant informed her she was not eligible for a reasonable accommodation under the Americans with Disabilities Act (ADA) due to insufficient medical certification.  Plaintiff sought a transfer to another position and Defendant, after first refusing this request, agreed to move her to another position at a lower rate of pay.  Defendant allegedly informed her that she would not receive back pay for the time during which she was unable to perform her duties as a driver, and that she would not receive seniority pay in the new position.  Plaintiff further alleges that in 2010, after she filed her MHRC charge of discrimination objecting to these

---

requirements and whether the case should remain in this Court or be returned to state court.

[3]    A motion to remand a case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  The Court deems this a timely motion since no basis for removal or remand apart from subject matter jurisdiction has been raised by the parties.

conditions, representatives of Teamsters Local 688 summoned her to a meeting at which she was informed that if she pursued her discrimination charge she would be discharged from her position.

On the basis of these allegations, Plaintiff asserts claims for disability discrimination and retaliation, and seeks compensatory damages in an unspecified amount, for back pay, front pay, and emotional distress, as well as punitive damages, attorney's fees and costs.

Among several asserted bases for the Court's exercise of removal jurisdiction, Defendant contends that the Court has jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. §1332(a)(1), which confers federal jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition, Defendant has asserted several arguments that this Court has jurisdiction pursuant to §1331 because Plaintiff  has pled federal claims or state-law claims that are preempted under federal law.  Because the Court finds that it has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332 (a)(1), it will not address Defendant's other arguments asserting jurisdiction under 28 U.S.C. § 1331.

**Applicable Law**

Federal courts are courts of limited jurisdiction; generally, a question of federal law or diversity of the parties must be present for a federal court to assert removal jurisdiction over an action.  *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic*, 551 F.3d 812, 816 (8th Cir. 2009).  Removal statutes are strictly construed, *In re Bus. Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir.1993), and any doubts

3

about the propriety of removal are to be resolved in favor of remand.  *Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  The removing party, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

In a case removed on the basis of diversity of citizenship, a federal court does not have subject matter jurisdiction if it appears to a legal certainty that the value of the [plaintiff's] claim is less than the required amount of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332 (a)(1); *Hargis v. Access Capital Funding, LLC,* slip op.No. 11-1027, at *6 (8th Cir. Mar. 5, 2012) (citing *Bell v. The Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)).  Where, as here, a complaint alleges no specific amount of damages or an amount less than the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Bell*, 557 F.3d at 956 (citing *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)).  In determining the presence of the requisite jurisdictional amount, the relevant question is not whether the damages will ultimately exceed $75,000, but whether a fact finder **might** legally conclude that the damages exceed that amount.  *Hargis*, slip op. No. 11-1027, at *6 (emphasis in original) (citing *Bell,* 557 F.3d at 959)*; see also  Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 620 F.3d 926, 932 (8th Cir. 2010).

A plaintiff may avoid removal by including a binding stipulation with his original petition stating that he will not seek damages greater than the jurisdictional minimum.  *Id.*

(citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).  Because it is "axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal," such a filing must be made prior to a defendant's removal of the case.  *Hargis,* slip op. No. 11-1027 at* 6 (citing *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted)); *see also De Aguilar,* 47 F.3d at 1412.  To meet its burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met."  *Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).  The "preponderance of the evidence" standard requires a defendant to demonstrate "by sufficient proof that a plaintiff's verdict reasonably may exceed" the jurisdictional amount.  *City of University City v. A.T. & T. Wireless Services, Inc.,* 229 F. Supp. 2d. 927, 932 (citing *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D. Ark. 1996)).  It is well established that, when calculating the amount in controversy, punitive damages and attorney's fees are to be included.  *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (citation omitted).

## Discussion

The notice of removal (Doc. No. 1) establishes that Plaintiff and Defendant are citizens of Missouri and Ohio, respectively.  In support of its position regarding the jurisdictional minimum, Defendant notes Plaintiff's statement, in her discrimination charge, that she is "losing $200 per week." (Doc. No. 1-4,¶ 18.)  Assuming such a loss dating from August 1, 2008, the earliest date of discrimination noted in Plaintiff's complaint, it is possible for a fact finder to "legally conclude" to a legal certainty that Plaintiff has pled compensatory

damages in excess of approximately $35,000.  *Hargis,* slip op. No. 11-1027 at* 6.    In

addition, Plaintiff seeks damages for emotional distress, punitive damages and attorney's

fees, all of which are recoverable under the MHRA.  Mo. Rev. Stat. § 213.111.2

Although Plaintiff is presently proceeding pro se and may not incur further attorney's

fees in this case, the addition of punitive damages and recovery for emotional distress to

the

compensatory damages  noted above would allow a finder of fact to "legally conclude"

that the jurisdictional minimum has been met.  *Id.*  For this reason, the Court finds that it

has jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. § 1332(a)(1) and

Plaintiff's motion for remand will be denied.

     Accordingly,

     **IT IS HEREBY ORDERED** that Plaintiff's motion to stay (Doc. No. 17), which

the Court has construed as a motion to remand, is **DENIED**.


                                   _Audrey G. Fleissig_
                                   AUDREY G. FLEISSIG
                                   UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2012.