UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA E. WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:11CV00707 AGF ) |
| UNITED PARCEL SERVICE, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Response to this Court's Order to Show Cause. For the reasons set forth below, Plaintiff's case shall be dismissed.

The history relevant to this matter is set forth in this Court's Order to Show Cause, and will not be repeated except to note as follows: Plaintiff Donna E. White originally filed this action, through counsel, in the Circuit Court of St. Louis County on April 20, 2011, and Defendant United Parcel Service removed it to this Court on April 22, 2011. Thereafter, Plaintiff's counsel sought leave to withdraw. After a hearing and an opportunity for Plaintiff to respond to his request, the Court allowed counsel to withdraw. (Doc. Nos. 14, 15 & 22.)

Plaintiff then elected to proceed *pro se* in this matter. The Court held a Rule 16 conference with both defense counsel and Plaintiff in attendance, at which time the Court explained to Plaintiff her responsibilities as a pro se party.

Thereafter the Court granted Plaintiff's motion for the appointment of limited scope counsel to assist her in preparing and participating in the course of mediation, pursuant to Local Rule 16-6.02(C).   The parties then attended a mediation session, but failed to achieve a settlement.

As set forth in the Memorandum and Order filed on May 6, 2013, the Court granted Defendant's motion to compel.  (Doc. No. 49.)   The Court ordered Plaintiff to provide her discovery responses within 10 days and reminded Plaintiff of her obligation as a pro se litigant to participate in discovery and to comply with the Federal Rules of Civil Procedure and the orders of this Court.   The Court also cautioned Plaintiff that failure to comply with that Order could result in dismissal of her action.   Plaintiff failed to comply with the May 6, 2013 Order and on May 23, 2013, Defendant moved for dismissal as a sanction for Plaintiff's failure to comply with the Court's orders compelling the discovery responses. (Doc. No. 50.)   Plaintiff did not respond to the motion for sanctions and on July 9, 2013, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the orders of the Court.   (Doc. No. 53.)   The Court cautioned Plaintiff that failure to show cause would result in a dismissal, with prejudice.

In her response to the Order to Show Cause (Doc. No. 54) Plaintiff does not offer any explanation for her failure to provide discovery, nor does she suggest she would make any effort to comply in the future.   Rather, she contests the validity of the removal, stating: "I did not follow the court order, because after finding out that the defendant filed my claim in the Federal Court on July 12, 2011 so to me the case is invalid."   Based on the

2

Response, it appears that Plaintiff's failure to comply with discovery and this Court's Orders is willful.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Likewise, Rule 37(b)(2)(A) permits the Court to dismiss the action for failure to obey an order to permit discovery, "including an order under Rule 26(f). . . ." And, the Court has inherent power to dismiss a case where, as here, a plaintiff has failed to comply with a court's order to show cause. *See Elliot v. Apfel*, 205 F.3d 1345 (8th Cir. 1999) (per curiam).

Defendant requests that the dismissal be with prejudice. The Eighth Circuit has provided guidance for determining whether a dismissal such as this should be with or without prejudice.

> The sanction imposed by the district court for failure to comply with the district court's orders must be proportionate to the litigant's transgression, and dismissal with prejudice should only be imposed in cases of willful disobedience of a court order or persistent failure to prosecute a complaint. The district court need not find that the party acted in bad faith, but only that she acted intentionally as opposed to accidentally or involuntarily.

*Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (internal citations and quotations omitted).

Here, the Court finds that Plaintiff's failure to comply with the Court's orders has been both persistent and intentional. Plaintiff has not responded to Defendant's attempts to contact her regarding discovery and has never responded to any of Defendant's motions regarding discovery. In addition, she has not complied with requirements of the Case

3

Management Order, the Federal Rules of Civil Procedure, or the orders of the Court relating to her delinquent discovery responses.  In her Response to the Order to Show Cause, she makes plain that she does not intend to comply with the Court's Orders because she is unhappy the case was removed from state court.  As such, dismissal with prejudice is warranted, as no action by Defendant or by the Court appears to be sufficient to induce compliance from Plaintiff.  *See Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 528-29 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions is **GRANTED**.  (Doc. No. 50.)

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A) for failure to prosecute and for failure to comply with the orders of this Court.  A separate Order of Dismissal shall accompany this Memorandum and Order.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2013.